Doc # 2007304180, OR BK 14197 Page 486, Number Pages: 4, Filed & Recorded 09/24/2007 at 09:07 PM RONNIE FUSSELL CLERK CIRCUIT COURT DUVAL COUNTY RECORDING $35.50 MORTGAGE DOC $654.50 INTANGIBLE TAX $374.00

Case 3:09-bk-06897-PMG Doc 38-2 Filed 04/14/10 Page 1 of 4

---

(Space above this line for recording data)

☐ If checked, the following is applicable:
THIS IS A BALLOON MORTGAGE AND THE FINAL PAYMENT OR THE BALANCE DUE UPON MATURITY IS $ **NONE** TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

## MORTGAGE

**ANTHONY STEVEN QUARTERMAN AND SUZANNE COLLINS QUARTERMAN,**
(customer)
**A MARRIED COUPLE ,HUSBAND AND WIFE** the Mortgagor,* in consideration
(customer)
of the principal sum specified in the Note/Loan Agreement hereafter described, (herein "Note"), received from_____

**AMERICAN GENERAL HOME EQUITY, INC.**
(our name and full address)
**1036 DUNN AVE STE 4A        JACKSONVILLE, FL 32218-4890**

_____ the Mortgagee,* hereby, on **09/18/07**, mortgage to the Mortgagee the
MONTH/DAY/YEAR
real property (Property) in **DUVAL** County, Florida, described as:

SEE ATTACHED EXHIBIT "A".
PRINCIPAL AMOUNT OF MORTGAGE:$187,000.00
PHYSICAL ADDRESS:3487 MELISSA COVE WAY,JACKSONVILLE,FLORIDA,32218

as security for the payment of all sums due under that certain Note of even date herewith executed by Mortgagor* to Mortgagee* and agree:

1. To make all payments required by that Note and this Mortgage promptly when due.

2. To pay all taxes, assessments, liens and encumbrances on that property promptly when due. If they are not promptly paid, the Mortgagee may pay them without waiving the option to foreclose, and such payments, with interest thereon from the date of payment at the same rate as specified in that Note, shall also be secured by this Mortgage.

3. To keep all buildings now or hereafter on that land insured against damage by fire and extended coverage, vandalism and malicious mischief in an amount sufficient to comply with any co-insurance clause, by an insuror satisfactory to the Mortgagee, the insurance policy to be held by and payable to the Mortgagee. If the Mortgagor shall not do so, the Mortgagee may do so without waiving the option to foreclose, and the cost thereof, with interest thereon from the date of payment at the same rate as specified in that Note, shall also be secured by this Mortgage. If any sum becomes payable under such policy, the Mortgagee may apply it to the indebtedness secured by this Mortgage, or may permit the Mortgagor to use it for other purposes, without impairing the lien of this Mortgage.

4. To commit, permit, or suffer no waste, impairment, or deterioration of the mortgaged property.

5. To pay all expenses reasonably incurred by the Mortgagee because of the failure of the Mortgagor to comply with the agreements in that Note or this Mortgage, including reasonable attorney's fees. The cost thereof, with interest thereon from the date of payment at the same rate as specified in that Note, shall also be secured by this Mortgage.

This instrument was prepared by:  AMERICAN GENERAL HOME EQUITY, INC.
1036 DUNN AVE STE 4A
JACKSONVILLE, FL 32218-4890
TASHANA HAMMOND

Return to: 741552
First Title, LLC
3237 Satellite Blvd.
Bldg. 300, Suite 450
Duluth, GA 30096

FLA441 (04-16-06) Real Estate Mortgage

6. If any payment provided for in that Note is not paid within ten days after it becomes due, or if any agreement in this Mortgage other than the agreement to make the payments is breached, the entire unpaid balance of that Note shall immediately become due at the option of the Mortgagee and in accordance with the terms of said Note and the Mortgagee may foreclose this Mortgage in the manner provided by law, and have the mortgaged property sold to satisfy or apply on the indebtedness hereby secured.

7. The rents and profits of the mortgaged property are also hereby mortgaged, and if proceedings to foreclose this Mortgage shall be instituted, the court having jurisdiction thereof should appoint a receiver of the mortgaged property, and apply those rents and profits to the indebtedness hereby secured, regardless of the solvency of the Mortgagor or the adequacy of the security.

8. If this Mortgage is subject and subordinate to another mortgage, it is hereby expressly agreed that should any default be made in the payment of any installment of principal or of interest on said prior mortgage, the holder of this Mortgage may pay such installment of principal or such interest and the amount so paid with legal interest thereon from the time of such payment may be added to the indebtedness secured by this Mortgage and the accompanying Note shall be deemed to be secured by this Mortgage, and it is further expressly agreed that in the event of such default or should any suit be commenced to foreclose said prior mortgage then the amount secured by this Mortgage and the accompanying Note shall become and be due and payable at any time thereafter at the sole option of the owner or holder of this Mortgage.

9. If not prohibited by law or regulation, this Mortgage and all sums hereby secured shall become due and payable at the option of the Mortgagee and without notice to Mortgagor forthwith upon the conveyance of Mortgagor's title to all or any portion of said mortgaged property and premises, or upon the vesting of such title in any manner in persons or entities other than, or with, Mortgagor unless the purchaser or transferee assumes the indebtedness secured hereby with the consent of the Mortgagee.

10. Mortgagor may elect to have Mortgagee maintain an escrow fund for payment of real estate taxes, assessments, insurance premiums, or other obligations that might encumber the Real Estate if not timely paid when due. If Mortgagor so elects, Mortgagor shall pay to Mortgagee on the day Monthly Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Mortgagee, including, but not limited to Hazard Insurance and Flood Insurance; and (d) Mortgage Insurance premiums, if any, or any sums payable by Mortgagor to Mortgagee in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." At origination or at any time during the term of the Note, Mortgagee may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Mortgagor, and such dues, fees and assessments shall be an Escrow Item. Mortgagor shall promptly furnish to Mortgagee all notices of amounts to be paid under this Section. Mortgagor shall pay Mortgagee the Funds for Escrow Items unless Mortgagee waives Mortgagor's obligation to pay the Funds for any or all Escrow Items. Mortgagee may waive Mortgagor's obligation to pay Mortgagee Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Mortgagor shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Mortgagee and, if Mortgagee requires, shall furnish to Mortgagee receipts evidencing such payment within such time period as Mortgagee may require. If Mortgagor is obligated to pay Escrow Items directly and fails to do so, Mortgagee may pay such amount and Mortgagor shall then be obligated to repay to Mortgagee any such amount. Mortgagee may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the notice provision of this Mortgage and, upon such revocation, Mortgagor shall pay to Mortgagee all Funds, and in such amounts, that are then required under this or other applicable Sections.

Mortgagee may, at any time, collect and hold Funds in an amount (a) sufficient to permit Mortgagee to apply the Funds at the time specified under the federal Real Estate Settlement Procedures Act and implementing regulations (collectively, "RESPA") and (b) not to exceed the maximum amount a Mortgagee can require under RESPA. Mortgagee shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank. Mortgagee shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Mortgagee shall not charge Mortgagor for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Mortgagee pays Mortgagor interest on the Funds and Applicable Law permits Mortgagee to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Mortgagee shall not be required to pay Mortgagor any interest or earnings on the Funds. Mortgagor and Mortgagee can agree in writing, however, that interest shall be paid on the Funds. Mortgagee shall give to Mortgagor, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Mortgagee shall account to Mortgagor for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Mortgagee shall notify Mortgagor as required by RESPA, and Mortgagor shall pay to Mortgagee the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Mortgagee shall notify Mortgagor as required by RESPA, and Mortgagor shall pay to Mortgagee the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Mortgage, Mortgagee shall promptly refund to Mortgagor any Funds held by Mortgagee.

☐ If checked, the following is applicable:
THIS IS A BALLOON MORTGAGE AND THE FINAL PAYMENT OR THE BALANCE DUE UPON MATURITY IS $NONE_____ TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

FLA442 (04-16-06) Real Estate Mortgage

Signed in the presence of:

_____   _____ (Seal)
EMMITT GEORGE SIMS                ANTHONY STEVEN QUARTERMAN
Print or type name                Print or type name

Tashana Hammond                   _____ (Seal)
_____
TASHANA HAMMOND                   SUZANNE COLLINS QUARTERMAN
Print or type name                Print or type name

STATE OF FLORIDA:
County DUVAL _____ :

The foregoing instrument was acknowledged before me this 18th day of September, 2007 by
                                                                MONTH       YEAR
ANTHONY STEVEN QUARTERMAN AND SUZANNE COLLINS QUARTERMAN,
A MARRIED COUPLE, HUSBAND AND WIFE _____ who is personally known to me
or who has produced STATE OF FLORIDA I.D. _____ and who did (did not) take an oath.
                   (Type of Identification)

_____
(Signature of Person Taking Acknowledgment)
ROY ANDERSON
(Name of Acknowledger)

ROY A. ANDERSON
Notary Public, State of Florida     NOTARY
My comm. exp. June 10, 2008        (Rank/Title of Acknowledger)
Comm. No. DD 327898
                                    DD 327898
                                    (Serial No. if any of Acknowledger)

STATE OF FLORIDA:
COUNTY OF DUVAL _____ :

This instrument filed and recorded _____ day of _____, _____ in O.R.
                                                      MONTH              YEAR
Book _____ on page _____ record verified. _____, Clerk of the Circuit Court.
                                              By: _____ D.C.

*"Mortgagor" and "Mortgagee" are used for singular and plural as context requires.

FLA443 (04-16-06) Real Estate Mortgage

**EXHIBIT A**
**LEGAL DESCRIPTION**

Attached to file: 96-00789986

ALL THAT CERTAIN LAND SITUATE IN THE COUNTY OF DUVAL, STATE OF FLORIDA, TO WIT:

LOT 64, LOTS ESTATES UNIT ONE, ACCORDING TO PLAT THEREOF AS RECORDED IN PLAT BOOK 54, PAGES 25, 25A THROUGH 25E, OF THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.